UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jacques Eviglo,	Case No. 22-cv-1500 (WMW/DTS)

    Petitioner,

v.	**REPORT & RECOMMENDATION**

B. Eischen,

    Respondent.

Petitioner Jacques Eviglo brought a habeas petition under 28 U.S.C. § 2241 seeking immediate application of earned time credits (TCs) under the First Step Act of 2018 (FSA). Dkt. No. 1. Respondent contends Eviglo's petition is premature, asserting he is not yet entitled to have his TCs applied toward early prerelease custody or supervised release because the amount of TCs does not yet equal the remainder of his sentence. *See* 18 U.S.C. § 3624(g)(1)(A). The Court agrees with Respondent and recommends Eviglo's petition be denied.

## FINDINGS OF FACT

Eviglo is incarcerated at the Federal Prison Camp at Duluth, Minnesota (FPC Duluth). Dkt. No. 8 at 1. He is serving a 108-month term of imprisonment for false claims and wire fraud. *Id.* Eviglo's projected good conduct release date is August 29, 2026. *Id.* At the time of Eviglo's petition, Eviglo was an eligible inmate earning TCs for participating in evidence-based recidivism reduction programming. *Id.* at 3. The BOP calculated Eviglo had earned 585 TCs under the FSA as of June 23, 2022. *Id.* at 4.

**CONCLUSIONS OF LAW**

Eviglo contends the BOP is violating his rights by failing to calculate and apply his TCs under the FSA. Dkt. No. 1. Application of TCs is addressed in 18 U.S.C. § 3632:

> (d) Evidence-based recidivism reduction program incentives and productive activities reward. -- The System shall provide incentives and reward for prisoners to participate in and complete evidence-based recidivism reduction programs as follows:
>
> \*\*\*
>
> (4) Time credits. --
>
> > \*\*\*
> >
> > (C) **Application of time credits toward prerelease custody or supervised release.** -- Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities **shall be applied toward time in prerelease custody or supervised release.** The Director of the Bureau of Prisons **shall transfer <u>eligible prisoners</u>,** as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C) (emphasis added).

Pursuant to 18 U.S.C. 3624(g)(A), an inmate is eligible to have his TCs applied when he has earned TCs "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." TCs are not applied until credits equal the remainder of the term of imprisonment because TCs are subject to change based upon the inmate's continued participation in eligible programs, recidivism risk classification, and conduct resulting disciplinary action.[1] *See Ronald David Johnson v. B. Eischen,* 2023

---

[1] Whether an eligible inmate earns 10 or 15 TCs per month is dependent upon maintaining a minimum or low recidivism risk. 18 U.S.C. § 3632(4)(A)(i) & (ii). TCs can be lost through disciplinary action and may be restored under certain circumstances, including appeal. 18 U.S.C. § 3632(e); 28 C.F.R. § 523.43.

WL 2563148 (D. Minn. Feb. 22, 2023) ("[A] prisoner is eligible to have earned time credits applied . . . only when he has earned time credits that equal the remainder of his sentence. At that time, the credit can immediately be applied and would no longer be subject to loss for future prohibited acts.") (citation omitted).

Had Eviglo earned the maximum amount of TCs to date, he would have earned 768 days.[2] Applying 768 TCs to Eviglo's projected good time release date of August 29, 2026 yields the date of July 22, 2024. Therefore, the TCs Eviglo has earned to date cannot be applied to his sentence at this time, because even if Eviglo had earned the maximum possible TCs to date, they would not equal the remainder of his term of imprisonment. Accordingly, Eviglo's petition is premature. *See Mills v. Starr*, 2022 WL 4084178, at *4 (D. Minn. Aug. 17, 2022) (holding "even if [petitioner] had earned twice as many [TCs]" than the BOP had calculated, the petitioner's TCs would not equal the remainder of her sentence, rendering petitioner "ineligible to have her time credits applied.")

Because the Court can resolve Eviglo's habeas petition on the record, an evidentiary hearing is not necessary. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983). Eviglo's premature habeas petition should be denied for lack of ripeness. *National Bank v. First Premier Capital LLC*, 2010 WL 11646824, at *2 (D. Minn. July 22, 2010) ("To be ripe for decision, the harm asserted must have matured sufficiently to warrant judicial intervention.")

---

[2] January 4, 2019 (Eviglo's date of sentencing) to March 21, 2023 = 1,537 calendar days. 1,537 days divided by 30 days of programming per month = 51.23. 51.23 months x 15 maximum days earned per month = 768 TCs.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS Eviglo's habeas petition [Dkt. No. 1] be DENIED without prejudice.

Dated: March 21, 2023                             s/David T. Schultz
                                                  DAVID T. SCHULTZ
                                                  U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).