UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jacques Eviglo, | Case No. 22-cv-1500 (WMW/DTS) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| B. Eischen, | |
| Respondent. | |

---

This matter is before the Court on the March 21, 2023 Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz. (Dkt. 17.) The R&R recommends denying Petitioner Jacques Eviglo's habeas petition. Eviglo filed timely objections to the R&R. For the reasons addressed below, the Court overrules Eviglo's objections, adopts the R&R, and denies this action without prejudice.

## BACKGROUND

Eviglo brought a habeas petition under 28 U.S.C. § 2241 seeking immediate application of earned time credits under the First Step Act of 2018 (FSA). (Dkt. 1.) Respondent B. Eischen contends Eviglo's petition is premature, asserting Eviglo is not yet entitled to have his time credits applied toward early prerelease custody or supervised release because the amount of time credits does not yet equal the remainder of his sentence. *See* 18 U.S.C. § 3624(g)(1)(A).

The R&R recommends denying without prejudice Petitioner's habeas petition for lack of ripeness because Eviglo is not entitled to have his time credits applied to his sentence at this time, whether for an early transfer to prerelease custody or supervised release, since the amount of his time credits does not yet equal the remainder of his sentence as required by 18 U.S.C. § 3624(g)(1)(A). The R&R concludes that Eviglo's petition is premature. Eviglo filed objections that, when construed liberally, challenge the R&R's conclusion.

## ANALYSIS

After a party files and serves specific written objections to a magistrate judge's proposed findings and recommendations, the district court reviews *de novo* those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1)(c); LR 72.2(b)(3). When doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Because Eviglo is proceeding *pro se*, the Court liberally construes his complaint and objections. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Eviglo contends the Bureau of Prisons (BOP) is violating his rights by failing to calculate and apply his time credits under the FSA. (Dkt. 1.) Application of time credits is addressed in 18 U.S.C. § 3632:

> (d) Evidence-based recidivism reduction program incentives and productive activities reward. -- The System shall provide incentives and reward for prisoners to participate in and complete evidence-based recidivism reduction programs as follows:
> \*\*\*
> (4) Time credits. –

2

> \*\*\*
> (C) **Application of time credits toward prerelease custody or supervised release.** -- Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities **shall be applied toward time in prerelease custody or supervised release.** The Director of the Bureau of Prisons **shall transfer <u>eligible prisoners</u>**, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C) (emphasis added).

Pursuant to 18 U.S.C. § 3624(g)(A), an inmate is eligible to have his time credits applied when he has earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." Time credits are not applied until credits equal the remainder of the term of imprisonment because time credits are subject to change based upon the inmate's continued participation in eligible programs, recidivism risk classification, and conduct resulting in disciplinary action.[1] *See Johnson v. Eischen*, No. 22-cv-1039, 2023 WL 2563148, at \*9 (D. Minn. Feb. 22, 2023) (citing *Milchin v. Warden*, Case No. 3:22-cv-195 (KAD), 2022 WL 1658836, at \*3 (D. Conn. May 25, 2022) for the proposition that "a prisoner is eligible to have earned time credits applied . . . only when he has earned time credits that equal the remainder of his sentence. At that time, the credit can immediately be applied and would no longer be subject to loss for future prohibited acts.")

---

[1] Whether an eligible inmate earns 10 or 15 time credits per month is dependent upon the inmate maintaining a minimum or low recidivism risk. 18 U.S.C. § 3632(4)(A)(i) & (ii). time credits can be lost through disciplinary action and may be restored under certain circumstances, including appeal. 18 U.S.C. § 3632(e); 28 C.F.R. § 523.43.

3

In his objection, Eviglo argues that his petition is not premature because the FSA Time Credit Assessment and Sentence Monitoring Computation Data demonstrate that the BOP already has applied 340 days of time credits toward his prerelease confinement in a Residential Reentry Center (RRC) or home confinement, as well as 365 days of time credits toward his early release. (Dkt. 18 at 2). However, Eviglo erroneously combines the BOP's documentation reflecting the total time credits earned towards his prerelease placement, early release projections, and the time credits available for application, with the actual application of his time credits. In other words, Eviglo has not yet reached the point where he can use his time credits because he does not have enough to do so. The R&R accurately concludes that the petition is not ripe for adjudication as Eviglo is currently not entitled to have his time credits applied under 18 U.S.C. § 3624(g)(1)(A).

Had Eviglo earned the maximum amount of time credits to date, he would have earned 768 days.[2] Applying 768 time credits to Eviglo's projected good time release date of August 29, 2026, yields the date of July 22, 2024. Therefore, the time credits Eviglo has earned to date cannot be applied to his sentence at this time because, even if Eviglo had earned the maximum possible time credits to date, they would not equal the remainder of his term of imprisonment. Accordingly, Eviglo's petition is premature. *See Mills v. Starr*, No. 21-cv-1335, 2022 WL 4084178, at *4 (D. Minn. Aug. 17, 2022) (holding that "even if [petitioner] had earned twice as many [time credits]" than the BOP had calculated,

---

[2] January 4, 2019 (Eviglo's date of sentencing) to March 21, 2023 would equal 1,537 calendar days. 1,537 days divided by 30 days of programming per month would equal 51.23. 51.23 months multiplied by 15 maximum days earned per month would equal 768 time credits.

the petitioner's time credits would not equal the remainder of her sentence, rendering petitioner "ineligible to have her time credits applied.")

Eviglo objects to the R&R, arguing that his time credits should be applied to update the "percent of statutory term served" on his sentence computation, entitling him to consideration for an early transfer to home confinement under the CARES Act as of June 23, 2022. (Dkt. 18 at 1, 2.) An inmate's ability to apply time credits depends on their PATTERN score at the time. Time credits, therefore, cannot be included in the percent of the statutory term served because their application is too speculative. (Dkt. 10 at 11, 18.) Therefore, the objection is without merit.

Additionally, Eviglo raises a new claim alleging that the BOP's failure to grant his request for home confinement under the CARES Act, for which he is fully qualified, violates his right to due process. (Dkt. 18 at 3-4.) He seeks reconsideration of his home confinement request under the CARES Act. However, this claim is waived because Eviglo raises it for the first time in his objections. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012).

An evidentiary hearing is not necessary because the Court can resolve Eviglo's habeas petition on the record. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983). Eviglo's premature habeas petition is denied for lack of ripeness. *National Bank v. First Premier Capital LLC*, 2010 WL 11646824, at *2 (D. Minn. July 22, 2010) ("To be ripe for decision, the harm asserted must have matured sufficiently to warrant judicial intervention.")

Based on the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Jacques Eviglo's objections to the March 21, 2023 R&R, (Dkt. 18), are **OVERRULED**;

2. The March 21, 2023 Report and Recommendation, (Dkt. 17), is **ADOPTED**;

3. Petitioner Jacques Eviglo's Habeas petition, (Dkt. 1), is **DENIED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 22, 2023                             s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge